■ DENNIS MURPHY, JR., et al., Respondents, v TOWN OF RAMAPO, Respondent, and RAMAPO VALLEY AMBULANCE CORP., INC., Appellant. [912 NYS2d 683]—

In an action to recover damages for personal injuries, etc., the defendant Ramapo Valley Ambulance Corp., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated November 12, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action was barred by the exclusivity provision of the Volunteer Ambulance Workers' Benefit Law § 19.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Dennis Murphy, Jr. (hereinafter the injured plaintiff), alleges that on October 24, 2007, when he was a 16-year-old member of the "youth corps" of the defendant Ramapo Valley Ambulance Corp., Inc. (hereinafter the defendant), he was injured on the defendant's premises when a pen thrown by a 19-year-old member of the defendant struck him in the eye. The plaintiffs commenced this action against, among others, the defendant to recover damages for personal injuries. After joinder of issue, the defendant moved for summary judgment dismiss-

ing the complaint insofar as asserted against it on the ground that it was barred by the exclusivity provision of the Volunteer Ambulance Workers' Benefit Law § 19, which provides, in pertinent part, that "[t]he benefits provided by this chapter shall be the exclusive remedy of a volunteer ambulance worker, or his spouse, parents, dependents, next of kin, executor or administrator, or anyone otherwise entitled to recover damages, at common law or otherwise, for or on account of an injury to a volunteer ambulance worker in line of duty or death resulting from an injury to a volunteer ambulance worker in line of duty, as against . . . the political subdivision or volunteer ambulance company liable for the payment of such benefits." The Supreme Court denied the defendant's motion on the ground that the defendant failed to establish, prima facie, that the injured plaintiff's injury was sustained in the line of duty. The defendant appeals. We affirm, but on a different ground.

The Volunteer Ambulance Workers' Benefit Law defines a "[v]olunteer ambulance worker" as "an active volunteer member of an ambulance company as specified on a list regularly maintained by that company for the purpose of this chapter" (Volunteer Ambulance Workers' Benefit Law § 3 [1]). The defendant failed to establish, prima facie, that the injured plaintiff fell within this statutory definition, as it did not provide proof that he was on such a list (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In light of the defendant's failure to meet its prima facie burden, it is not necessary to consider the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.